IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| **LEVON WATTS KIRK** | **MOVANT** |
| v. | **No. 4:05CR52-GHD-DAS** |
| **UNITED STATES OF AMERICA** | **RESPONDENT** |

## MEMORANDUM OPINION

This matter comes before the court on the motion of Levon Watts Kirk to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be granted.

### Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases for relief: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violations or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir.2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir.1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir.2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir.1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the Court

finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## Facts and Procedural Posture

Levon Watts Kirk was arrested based on an April 12, 2005 criminal complaint [1] charging him with being a felon in possession of a firearm, and he was detained [14]. A Federal grand jury returned a two-count Indictment [7] charging Kirk with being a felon in possession of a firearm and delivering a firearm to a juvenile. The court denied [39] Kirk's motion to suppress [20]; then Kirk pled guilty to both counts [45], [46]. The court sentenced [51] Kirk to serve a 180-month term of incarceration. Approximately 6 months after sentencing Kirk, filed a Motion [53] to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The court denied [75], [76] the motion to vacate.

On May 16, 2016, Kirk filed the instant motion [94] under 28 U.S.C. § 2255. The case was transferred to the Fifth Circuit Court of Appeals as a second or successive petition under 28 U.S.C. § 2255(h). The Court of Appeals tentatively granted [92] authorization for Kirk to file the motion to vacate with the Court, "in that the district court must dismiss the § 2255 motion without reaching the merits if it determines that Kirk has failed make the showing required to file such a motion." *See* 28 U.S.C. § 2255(h); *Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001). This case took an odd twist after it arrived in the Fifth Circuit Court of Appeals, and it took a bit of time to unravel what transpired. It appears that Kirk pursued a *pro se* motion for authorization to file a successive motion for § 2255 relief the Fifth Circuit Court of Appeals (Cause No. 16-60307) – and that counsel in the Federal Public Defender's Office *also* filed such a motion on Kirk's behalf (Cause No. 16-60338).

Thus, Kirk had two requests to pursue a successive § 2255 motion before the Fifth Circuit at the same time. In Cause No. 16-60307, the Fifth Circuit granted tentative authorization (Case 16-60307, Doc. 00513531870, June 3, 2016). Then, in Cause No. 16-60338, filed by the FPD, the Fifth Circuit dismissed the appeal for failure to comply with the court's notice (Case 16-60338, Doc. 00513602290, July 20, 2016). Thus, it appears that Kirk's request of the Fifth Circuit to file a second or successive § 2255 motion filed by the FPD has been dismissed. On the other hand, Kirk's *pro se* request to file a second or successive § 2255 motion has been conditionally granted, pending the court's ruling regarding whether the *pro se* motion meets the criteria of 28 U.S.C. § 2255(h). After contact with the Clerk's Office in the Fifth Circuit Court of Appeals to verify the unusual posture of the case, the court is proceeding with Kirk's *pro se* Motion to Vacate, Set Aside, or Correct Sentence returned from the Fifth Circuit in Cause No. 16-60307.

Kirk, who pled guilty to possession of a firearm by a prior convicted felon, under 18 U.S.C. § 922(g)(1) and § 924(e)(1), argues that, under *Johnson v. United States*, 135 S.Ct. 2551 (2015) (widely known as "*Johnson II*"), the sentence the court imposed was unconstitutional. The government concedes that, under *Johnson II* and after reviewing Kirk's prior convictions, the sentence was unconstitutional. Based upon his well-documented criminal history, Kirk has been convicted of many violent *acts* constituting felonies; however, under *Johnson II*, Kirk has only two prior *convictions* which constitute either a serious drug offense or a violent felony. The government has conceded this point. As such, *Johnson II* invalidates Kirk's 15-year sentence, and the court must grant his Motion to Vacate, revise his sentence to a 10-year term of incarceration – the statutory maximum for a violation of 18 U.S. Code 922(g) – and reduce the five-year term of supervised released to a three-year term, as required for an offense for a crime whose maximum sentence in 10 years (see, 18 U.S. Code, §§

3583(b)(2) and 3581(b)(3)). As Kirk has already served 10 years of his sentence, he will be eligible for immediate release.

## Gatekeeping Provision of 28 U.S.C. § 2244(a) and 28 U.S.C. § 2255(h)

The Fifth Circuit's tentative grant of authorization to proceed with the instant § 2255 motion refers to the gatekeeping provisions of 28 U.S.C. § 2244(a) and § 2255(h). That section provides, in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2). *Johnson II* invalidated the residual clause of 18 U.S. Code § 924(e)(2)(B)(ii), creating a new rule of constitutional law retroactive to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016). As the invalidation of the "residual clause" was unavailable to Kirk before *Johnson II* was decided, he has fulfilled the gatekeeping provision of 28 U.S.C. § 2255(h), and the court will examine the merits of his § 2255 claim.

## *Johnson II* Invalidated the Residual Clause of the Armed Career Criminal Act

In *Johnson II*, the Supreme Court examined the Armed Career Criminal Act (ACCA) which provides for an enhanced sentence of 15 years to life for an individual who is convicted of possessing a firearm and has three or more convictions for a serious drug offense or violent felony. The ACCA defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

- 5 -

> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The definition set forth in paragraph (i) is the "elements" clause. The non-italicized offenses listed in paragraph (ii) are the "enumerated offenses." The italicized words found in (ii) describing conduct that "presents a serious risk of physical injury to another" is the Act's "residual" clause. The Supreme Court found the residual clause to be unconstitutional for vagueness in *Johnson II* in June 2015. The Court found that the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557. However, *Johnson II* "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563.

**Violent Felony Under the Elements Clause**

None of Kirk's prior convictions are enumerated in Section 924(e)(2)(B)(ii); thus, in order to qualify as violent felonies, they must meet the requirements on the "elements clause" found in Section 924(e)(2)(B)(i). That subsection defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." To constitute such an offense, the elements of the crime must require proof of the use of "physical force" as that term has been defined by the Supreme Court: "violent force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I.*")

> In determining whether an offense is a violent felony because it has as an element the use, attempted use, or threatened use of physical force against the person of another,

>the court uses the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 600-02 (1990). Under that approach, the court examines the statutory definition and elements of the offense, *not the defendant's conduct underlying the conviction*. *Id.* When the statute of conviction is 'divisible' or has disjunctive elements, the court may use a modified categorical approach and consider "a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 2281 (2013). A divisible statute "lists multiple, alternative elements, and so effectively creates "several different . . . crimes." *Id.* at 2285 (quoting *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009)).

*United States v. Fennell*, No. 3:15-CR-443, 2016 WL 4491728, at *4 (N.D. Tex. Aug. 25, 2016), *reconsideration denied*, No. 3:15-CR-443-L (01), 2016 WL 4702557 (N.D. Tex. Sept. 8, 2016) (emphasis added, citations and internal quotations included). Thus, if the statutory elements of the charged felony do not *require* a finding of the use, attempted use, or threatened use of physical force against another person, then the crime is not a "violent felony" under § 924(e)(2)(B)(i), even if the defendant *actually used* physical violence to carry out the crime.

A statute is not divisible if it creates alternative *means* of committing a crime, rather than alternative *elements* of the crime. *Mathis v. United States*, 136 S.Ct. 2243, 2253 (2016). "[T]he modified approach serves – and serves solely – as a tool to identify the elements of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque," and it "is not to be repurposed as a technique for discovering whether a defendant's prior conviction, even though for a too-broad crime, rested on facts (or otherwise said, involved means) that also could have satisfied the elements of a generic offense." *Id.* at 2253-2254. If an underlying statute contains disjunctive elements, as in the present case, courts must employ the modified categorical approach to determine which subpart of the statute formed the basis of the conviction. *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007); *see also Mathis v. United States*, —— U.S. ——, 136 S.Ct. 2243, 2249, 195 L.Ed.2d 604 (2016). Under this approach, courts may consider

statutory definitions, charging documents, the written plea agreement, the transcript of the plea colloquy, and any explicit factual findings by the trial court to which the defendant agreed. *Shepard v. United States*, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *see also United States v. Bonilla–Mungia*, 422 F.3d 316, 320 (5th Cir. 2005).

### Kirk's Qualifying Convictions

After applying the Supreme Court's holding in *Johnson II*, Levon Watts Kirk has only two qualifying ACCA convictions: a serious drug offense and a violent felony. Kirk has a 1997 conviction for aiding and abetting the sale cocaine (PSR ¶¶ 28 and 29) that qualifies as a serious drug offense under Section 924(e)(2)(A). He also has a 1998 conviction for simple assault on a law enforcement officer (PSR ¶¶ 30 and 31). The assault on the officer has, by its statutory definition, "as an element to use, attempted use, or threatened use of physical force against the person of another" and, therefore, is a violent felony under Section 924(e)(2)(B)(i).

**Aiding and abetting the sale cocaine, a "serious drug offense"**

Kirk was convicted for aiding and abetting the sale cocaine in the State of Mississippi, and on June 2, 1997, he was sentenced to serve 8 years in the custody of the Mississippi Department of Corrections with 7 years suspended. The notice of criminal disposition for the case refers to Miss. Code Ann. §41-29-139, as well as § 97-1-3, which defines an accessory to a felony as a principal. In other words, the statute renders the act of aiding and abetting the commission of a crime the legal equivalent of committing the substantive crime itself. At the time of Kirk's conviction, § 41-29-139 read:

> (a) Except as authorized by this article, it is unlawful for any person knowingly or intentionally:

> (1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance; or
>
> (2) To create, sell, barter, transfer, distribute, dispense or possess with intent to create, sell, barter, transfer, distribute or dispense, a counterfeit substance.
>
> (b) Except as otherwise provided in subsections (f) and (g) of this section or in Section 41-29-142, any person who violates subsection (a) of this section shall be sentenced as follows:
>
>> (1) In the case of controlled substances classified in Schedule I or II, as set out in Sections 41-29-113 and 41-29-115, except one (1) ounce or less of marihuana, and except a first offender as defined in Section 41-29-149(e) who violates subsection (a) of this section with respect to less than one (1) kilogram but more than one (1) ounce of marihuana, such person may, upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00), or both; ...

(1995 Miss. Laws Ch. 368 (H.B. 691).

Under 21 U.S. Code §§ 812(b)(2)(A) and 812(c) – Schedule II – subsection (a)(4), cocaine is a schedule II drug. When Kirk was convicted, the state crime carried a statutory penalty of up to 30 years (because Kirk had been convicted for obstructing justice the prior year and was not a first offender). *See* Miss. Code Ann. § 41-29-139(b)(1). Title 18 U.S.C. § 924(e)(2)(A)(ii) reads:

> (A) the term "serious drug offense" means –
>
>> . . .
>
>> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802, *et seq.*)), for which a maximum term of imprisonment of ten years or more is prescribed by law . . . .

18 U.S.C.A. § 924(e)(2)(A)(ii). Thus, Kirk's 1997 conviction for aiding and abetting the sale of cocaine qualifies as a "serious drug offense" under the ACCA.

**Simple assault on a law enforcement officer, a "violent felony"**

Kirk was convicted in 1998 for the June 1, 1997, simple assault on a law enforcement officer in the State of Mississippi. At that time, Mississippi Code § 97-3-7 read:

> 97-3-7. (1) A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm; and, upon conviction, he shall be punished by a fine of not more than Five Hundred Dollars ($500.00) or by imprisonment in the county jail for not more than six (6) months, or both. Provided, however, a person convicted of simple assault (a) upon a statewide elected official, law enforcement officer, fireman, emergency medical personnel, superintendent, principal, teacher or other instructional personnel and school attendance officers or school bus driver while such statewide elected official, law enforcement officer, fireman, emergency medical personnel, superintendent, principal, teacher or other instructional personnel and school attendance officers or school bus driver is acting within the scope of his duty, office or employment, or (b) upon a legislator while the Legislature is in regular or extraordinary session shall be punished by a fine of not more than One Thousand Dollars ($1,000.00) or by imprisonment for not more than five (5) years, or both.

(1993 Miss. Laws Ch. 580 (S.B. 2004))

As Kirk assaulted a law enforcement officer, the offense is punishable by a term of imprisonment up to five years. *See* Section 942(e)(2)(B) and Miss. Code Ann. § 97-3-7(1). As set forth above, "[i]n determining whether an offense is a violent felony because it has as an element the use, attempted use, or threatened use of physical force against the person of another, the court uses the categorical approach . . . ." *Descamps*, 133 S. Ct. at 2281.

Section 97-3-7 includes three severable offenses constituting simple assault. Subsection (1)(a) makes it simple assault for a person to "attempts to cause or purposely, knowingly or recklessly causes bodily injury to another." The indictment charged that Kirk "did wilfully, unlawfully, purposely,

- 10 -

knowingly and feloniously cause and attempt to cause bodily injury bodily injury to Deputy Marty Long, a law enforcement officer acting within the scope and duty of his office of Deputy Sheriff." By its definition, simple assault is an act to cause bodily injury, under Subsection 97-3-7(1)(a) "purposely, knowingly or recklessly."

Miss. Code Ann. § 97-3-7(1), sets forth three separate elemental crimes constituting simple assault. Subsection (1)(a) requires, "as an element the use, attempted use, or threatened use of physical force against the person of another" as described in the elements clause of Section 924(e)(2)(B)(i). While the indictment charged Kirk with acting "wilfully, unlawfully, purposely, knowingly and feloniously," and not recklessly, the statute also provides that simple assault may be completed "purposely, knowingly or recklessly." Under the Supreme Court's holding in *Voisine v. United States*, 136 S.Ct. 2272, 2278-2279 (2016), a criminal act that can be done "recklessly" may nonetheless fit Section 924(e)(2)(B)(i)'s elements clause. In *Voisine*, the Court held that reckless assault and battery involves the "use . . . of physical force" and is therefore a "misdemeanor crime of domestic violence" that prohibits firearm ownership under 18 U.S.C. § 922(g)(9). *See* 18 U.S.C. § 921(33)(A) (ii) (defining "misdemeanor crime of domestic violence" to include offenses having, "as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon"); *see also Voisine,* 136 S. Ct. at 2278 ("Nothing in the word 'use' . . . indicates that § 922(g)(9) applies exclusively to knowing or intentional domestic assaults.") Because "use" means the "act of employing" something, the force involved in a qualifying offense "must be volitional." *Voisine*, 136 S. Ct. at 2278-2279. The word "use" does not require that the person applying force "have the purpose or practical certainty that it will cause harm." *Id.* at 2279. Thus, it does not matter whether

"the actor has the mental state of intention, knowledge, or recklessness with respect to the harmful consequences of his volitional conduct." *Id.*

The Supreme Court's prior decision in *Leocal v. Ashcroft*, 543 U.S. 1 (2004), does not mandate a different result. *Leocal* held that a similar provision in 18 U.S.C. § 16(a) (defining a "crime of violence" as involving "the use . . . of physical force against the person or property of another") did not include *accidental* conduct. *Voisine*, 136 S. Ct. at 2279. However, the harm caused by "reckless behavior" – which requires undertaking an act "with awareness of [the] substantial risk of causing injury" – "is the result of a deliberate decision to endanger another" and therefore not an "accident." *Voisine,* 136 S. Ct. at 2279. The word "use" "is indifferent as to whether the actor has the mental state of intention, knowledge, or recklessness with respect to the harmful consequences of his volitional conduct." 136 S. Ct. at 2279. *Leocal* excluded only *accidental* conduct from "crimes of violence" and similar definitions – not "reckless behavior." *Id.*

As Mississippi's simple assault statute has "as an element the use, attempted use, or threatened use of physical force against the person of another," Kirk's 1998 felony conviction for simple assault on a police officer is a violent felony under Section 924(e)(2)(B)(i).

### Kirk's other offenses which no longer qualify as "violent felonies" under § 924(e)(2)(B)(i).

Kirk was convicted for three other felonies, which, based upon the descriptions of Kirk's actions in the PSR, clearly exhibit violent and dangerous *behavior*; however, after the Supreme Court's invalidation of ACCA's residual clause, the convictions, themselves, no longer constitute "violent felonies" under Section 924(e)(2)(B)(ii). The felonies are a 1996 conviction in

Mississippi for obstructing justice by intimidating a judge and two 2003 convictions for child molestation in the State of Georgia. (PSR¶¶ 32 and 33).

**Obstructing justice by intimidating a judge.**

As mentioned above, Kirk has a 1996 conviction for obstructing justice by intimidating a judge in the State of Mississippi. The presentence report sets forth that, on March 29, 1995, Kirk threw a chair at long-time Greenville, Mississippi Municipal Judge Earl Solomon, Jr., during the performance of Judge Solomon's judicial duties. Kirk struck Judge Solomon on the arm and hand with the chair. The State brought the indictment under Miss. Code Ann. § 97-9-55, which provides:

> If any person or persons by threats, force or abuse, attempt (sic) to intimidate or otherwise influence a judge, justice of the peace, juror, or one whose name has been drawn for jury service, witness, prosecuting or defense attorney or any other officer in the discharge of his duties, or by such force, abuse or reprisals or threats thereof after the performance of such duties, or to obstruct or impede the administration of justice in any court, he shall, upon conviction, be punished by imprisonment not less than one (1) month in the county jail nor more than two (2) years in the state penitentiary or by a fine not exceeding five hundred dollars ($500.00), or both such fine and imprisonment.

Miss. Code. Ann. § 97-9-55 (West) (Laws 1964, Ch. 352, § 1, eff. from and after passage (approved March 12, 1964)).

Section 97-9-55 meets the criteria of § 924(e)(2)(B) as being punishable by a term of more than one year of incarceration. However, under § 97-9-55, a defendant may intimidate or influence a judge by "threats, force *or abuse*." (emphasis added). Threat and force certainly are elements of the "use, attempted use, or threatened use of force" against a judge to intimidate him. However, the third method of committing the crime, by "abuse," need not always involve the use, attempted use, or threatened use of physical force.

The crime is divisible into three elemental methods of violation, under *Mathis* and other controlling precedent. Thus, although throwing a chair and striking a judge during the performance of his duties is obviously a violent act, as discussed below, the crime of interfering with a judicial officer is not a "violent felony" under Section 924(e)(2)(B)(i). Therefore, this conviction does not qualify as a predicate offense for ACCA purposes.

"Abuse" as a criminal element can, under Mississippi law, can be carried out in non-violent ways, including neglect. Miss. Code Ann. § 97-9-55, intimidation of a judge, does not include a definition of the term "abuse;" nor do any of the cases citing that statute. A few cases suggest that to violate the statute takes some affirmative contemptuous act. Compare, for example, *Ott v. State*, 1999, 742 So.2d 1197, 1200 (Miss. Ct. App. 1999) ("Ott had stated that he was going to find out who 'did him in,' and that he was going to kill them and their family,") and *Wilbourn v. State*, 164 So.2d 424, 425 (Miss. 1964) (misleading statements to officers did not constitute a crime under statute).

Other definitions of "abuse" can be found in the Mississippi Code; for example, Sections 83-71-5, 83-71-55, and 83-71-105 define abuse as:

> "Abuse" means the occurrence of one or more of the following acts by a current or former family member, household member, intimate partner or caretaker:
>
> > (i) Attempting to cause or intentionally, knowingly or recklessly causing another person bodily injury, physical harm, severe emotional distress, psychological trauma, rape, sexual assault or involuntary sexual intercourse;
> >
> > (ii) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person or minor child without proper authority, under circumstances that place the person or minor child in reasonable fear of bodily injury or physical harm;
> >
> > (iii) Subjecting another person to false imprisonment; or

(iv) Attempting to cause or intentionally, knowingly or recklessly causing damage to property so as to intimidate or attempt to control the behavior of another person.

Miss. Code. Ann. § 83-71-5.

Section 97-5-39 defines child abuse by setting forth various methods of its commission:

a) Whether bodily harm results or not, if the person shall intentionally, knowingly or recklessly:

(i) Burn any child;

(ii) Physically torture any child;

(iii) Strangle, choke, smother or in any way interfere with any child's breathing;

(iv) Poison a child;

(v) Starve a child of nourishments needed to sustain life or growth;

(vi) Use any type of deadly weapon upon any child;

b) If some bodily harm to any child actually occurs, and if the person shall intentionally, knowingly, or recklessly:

(i) Throw, kick, bite, or cut any child;

(ii) Strike a child under the age of fourteen (14) about the face or head with a closed fist;

(iii) Strike a child under the age of five (5) in the face or head;

(iv) Kick, bite, cut or strike a child's genitals; circumcision of a male child is not a violation under this subparagraph (iv);

c) If serious bodily harm to any child actually occurs, and if the person shall intentionally, knowingly or recklessly:

(i) Strike any child on the face or head;

(ii) Disfigure or scar any child;

(iii) Whip, strike, or otherwise abuse any child;

Miss. Code. Ann. § 97-5-39.

Section 93-21-3 defines abuse, as well:

(a) "Abuse" means the occurrence of one or more of the following acts between spouses, former spouses, persons living as spouses or who formerly lived as spouses, persons having a child or children in common, other individuals related by consanguinity or affinity who reside together or who formerly resided together or between individuals who have a current or former dating relationship:

(i) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury or serious bodily injury with or without a deadly weapon;

(ii) Placing, by physical menace or threat, another in fear of imminent serious bodily injury;

(iii) Criminal sexual conduct committed against a minor within the meaning of Section 97-5-23;

(iv) Stalking within the meaning of Section 97-3-107;

(v) Cyberstalking within the meaning of Section 97-45-15; or

(vi) Sexual offenses within the meaning of Section 97-3-65 or 97-3-95.

Section 43-47-5 also defines abuse:

(a) "Abuse" means the commission of a willful act, or the willful omission of the performance of a duty, which act or omission contributes, tends to contribute to, or results in the infliction of physical pain, injury or mental anguish on or to a vulnerable person, the unreasonable confinement of a vulnerable person, or the willful deprivation by a caretaker of services which are necessary to maintain the mental or physical health of a vulnerable person. "Abuse" includes the sexual abuse delineated in Section 43-47-18. "Abuse" does not mean conduct that is a part of the treatment and care of, and in furtherance of the health and safety of, a patient or resident of a care facility, nor shall it mean a normal caregiving action or appropriate display of affection. "Abuse" includes, but is not limited to, a single incident.

Some of the statutory definitions of "abuse" can be carried out in non-violent or non-forceful ways. Thus, as the statute has methods of commission that do not include "the use,

attempted use, or threatened use of physical force," violations of Section 97-9-55 are not predicate offenses as violent felonies under Section 924(e)(2)(B)(i).

**Child molestation**

Kirk has two 2003 convictions for child molestation in the State of Georgia. The acts were committed on November 16, 2002. At that time, Georgia Code, Section 16-6-4, provided:

> (a) A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person.

*See*, Section 11, 2006 Georgia Laws Act 571 (H.B. 1059). Section 16-6-4(b) provided for imprisonment for not less than five, nor more than 20 years upon conviction.

Prior to *Johnson II*, child molestation constituted a crime of violence under the residual clause of Section 924(e)(2)(B)(ii). *See, e.g., United States v. Wilson*, 568 F.3d 670, 674 (8th Cir. 2009). Child molestation may, however, be committed in many ways, and not all elements of the Georgia crime of child molestation include the use, attempted use, or threatened use of violence against another. Applying the holding in *Mathis* to the elements of the Georgia crime of child molestation, it is not a violent felony under the "elements" clause of § 924(e)(2)(B)(i); nor is it an enumerated offense under § 924(e)(2)(B)(ii). As such, child molestation under Georgia law does not constitute a "violent felony" under § 924(e)(2)(B)(i) in light of the Supreme Court's holding in *Johnson II*.

### Conclusion

Under *Johnson II*, only two of Kirk's previous convictions were either a serious drug or violent felony offense; his other convictions are no longer violent felonies under Section 924(e)(2)(B)(ii). For these reasons, Kirk's motion under 28 U.S.C. § 2255 to vacate will be

granted. The Court will enter an amended judgement reducing Kirk's sentence to a 120-month term of incarceration (which he has already served), followed by a 3-year term of supervised release, with all other conditions and assessments, if any, unchanged.

**SO ORDERED**, this, the 31st day of October, 2016.

_____
SENIOR JUDGE